IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER JOHNSTON, )
  )
 Plaintiff, )
  )
v. ) Case No. 10-CV-2051 JWL/JPO
  )
GARY STONE, )
  )
 Defendant. )

## COMPLAINT

COMES NOW THE Plaintiff and for his cause of action against the Defendant alleges and states as follows:

1. That Plaintiff is a citizen of the United States who is currently residing in Omaruru, Namibia, Africa and he is not a resident of Kansas.

2. That Defendant is a resident of Linn County, Kansas.

3. That this Court has subject matter jurisdiction pursuant to 28 U.S.C.A. §1331.

4. That venue is appropriate in this District pursuant to 28 U.S.C.A. §1391(b).

5. That since 2007, Plaintiff has been involved in a divorce action with Karen Johnston which is currently pending in Linn County, Kansas and Namibia.

6. That in 2007, Karen Johnston and Defendant went to Namibia to obtain property and evidence for use in the divorce proceeding.

7. That at the time Defendant went to Namibia he was a Chief Warrant Officer in the United States Army Reserves in the Criminal Investigations Division.

1

8. That while in Namibia, Defendant represented himself to third persons as an agent of the United States government.

9. That Defendant paid for both he and Karen Johnston to travel to Namibia and was promised to be repaid from money received from the divorce proceeding.

10. That Karen Johnston lived in a house owned by Defendant beginning in October, 2007, and has not paid any rent.

11. That since November, 2008, Karen Johnston and Defendant have lived in the same house.

12. That Defendant has previously testified that he anticipated to be paid for providing housing to Karen Johnston from money received from the divorce proceeding.

13. That Defendant in January, 2009, was a Detective with the Linn County, Kansas Sheriff's Department.

14. That on January 21, 2009, Defendant swore an affidavit to obtain a criminal arrest warrant for Plaintiff.

15. That the basis for the arrest warrant was the alleged violation of K.S.A. 21,3605(a)(1) for criminal non-support of a child.

16. That prior to December, 2006, Plaintiff had custody of his minor son, Sky.

17. That in 2007, Plaintiff arranged for his son to visit his mother, Karen Johnston, in Linn County, Kansas.

18. That despite their agreement to the contrary, Karen Johnston never returned their minor son to Plaintiff.

19. That since December, 2006, Plaintiff has made monthly payment to Karen Johnston for the support of their minor child.

20. That the affidavit and application for an arrest warrant was filed in the District Court of Linn County, Kansas on January 26, 2009.

21. That sometime thereafter an arrest warrant was issued by the District Court of Linn County, Kansas.

22. That Defendant caused the arrest warrant to be forwarded to the Tucson, Arizona Police Department.

23. That Plaintiff had flown to Tucson, Arizona at the end of January, 2009, to work a display for his company at an annual GJX gem and mineral show.

24. That upon arriving at the show venue on February 2, 2009, Plaintiff was informed that the Tucson Police Department was processing an arrest warrant.

25. That as a result of the outstanding arrest warrant Plaintiff was not able to set up his display on February 2nd and 3rd, and also missed the first day of the show on February 4, 2009.

26. That from February 2, 2009, through February 5, 2009, Plaintiff was required to stay away from the gem show and to stay outside of the city limits of Tucson, Arizona to avoid being arrested.

27. That Plaintiff then had to spend the next two days getting his displays set up and attempting to sell merchandise at the same time.

28. That Defendant contacted Lieutenant Michael Lara of the Tucson, Arizona Police Department between January 29, 2009, and February 5, 2009, in an effort to get the Tucson, Arizona Police Department to act on the arrest warrant.

29. That additionally, Defendant attempted to get Lieutenant Lara to seize Plaintiff's personal and business property, including gemstones, because Defendant asserted they were evidence in the divorce proceeding and which the Defendant represented was included within the arrest warrant.

30. That in his thirty years of experience in law enforcement, Lieutenant Lara never saw anyone push as hard as Defendant did to execute on a standard arrest warrant.

31. That the affidavit and standard offense report that Defendant submitted to the County Attorney and the District Court to obtain the arrest warrant contained false and misleading information, or was made in reckless disregard of the truth, included conclusions which Defendant knew or should have known was false, and Defendant failed to disclose to anyone his personal involvement with Karen Johnston, his prior involvement in obtaining information and property for Karen Johnston for use in her divorce proceeding, or his personal stake in the outcome of the divorce proceeding.

32. That after being advised of the actions of Defendant, the Linn County Attorney moved to recall the arrest warrant and that Motion was granted by the District Court on February 5, 2009.

33. That as a direct result of Defendant's wrongful actions, Plaintiff sustained a loss of income, a loss of freedom, emotional distress and incurred attorney fees and expenses.

34. That Defendant's actions set forth above were done under the color of state law as a Detective with the Linn County, Kansas Sheriff's Department.

35. That Defendant's actions deprived Plaintiff of rights, privileges and immunities secured by the Constitution in violation of 42 U.S.C.A. §1983.

36. That Plaintiff brings this action against Defendant in his individual capacity.

WHEREFORE, Plaintiff prays for Judgment against Defendant in an amount that is fair and responsible to compensate him for his damages, for punitive damages, for his costs and attorney fees, and for such other and further relief as the Court may deem just, fair and equitable.

                                        Respectfully submitted,
                                        **BEAM-WARD, KRUSE, WILSON,**

4

WRIGHT & FLETES, LLC

/s/ Mark Beam-Ward
MARK BEAM-WARD, KS #10071
8695 College Boulevard, Suite 200
Overland Park, Kansas 66210
mbeamward@bkwwflaw.com
(913) 339-6888
(913) 339-9653 (Fax)
ATTORNEYS FOR DEFENDANT

## DESIGNATION OF TRIAL

Plaintiff, Christopher Johnston, pursuant to the Local Rule 40.2, hereby demands the designation of the place of trial as Kansas City, Kansas.

/s/ Mark Beam-Ward

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff, Christopher Johnston, hereby demands that all issues of fact in this case be tried to a properly impaneled jury.

/s/ Mark Beam-Ward

5