# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHRISTOPHER JOHNSTON,     )
                          )
         Plaintiff,       )
                          )
    v.                    )  Case No. 10-2051
                          )
GARY STONE,               )
                          )
         Defendant.       )
                          )

# MEMORANDUM AND ORDER

Plaintiff Christopher Johnston brings this action under 42 U.S.C. § 1983 against defendant Gary Stone, a detective employed by the Linn County, Kansas Sheriff's Department, for injuries arising from Detective Stone's participation in the issuance of a warrant for Mr. Johnston's arrest. According to Mr. Johnston, Detective Stone submitted an affidavit containing false and misleading information to procure the arrest warrant and also failed to disclose certain relevant information in his affidavit. The matter is presently before the court on Detective Stone's motion to dismiss (doc. 4) and motion for sanctions (doc. 8). For the reasons explained below, the motion to dismiss is granted, and the motion for sanctions is denied.

**1.    Background**

Consistent with the well-established standard for evaluating a motion to dismiss, the Court accepts as true all well pleaded factual allegations in the plaintiff's complaint.

Fed. R. Civ. P. 12(b)(6).

*Mr. Johnston's Divorce*

Since 2007, Mr. Johnston has been involved in divorce proceedings with Karen Johnston, who resides in Linn County, Kansas. The divorce proceedings are pending in the Linn County District Court, as well as in Namibia, Africa, where Mr. Johnston currently resides. Mr. Johnston and Karen have a minor son, Sky, who currently lives with Karen in Kansas. Prior to December 2006, Mr. Johnston had custody of Sky, but in 2007, Mr. Johnston arranged for Sky to visit Karen in Linn County, Kansas, and Sky was not returned to Mr. Johnston's custody, allegedly in contravention of their agreement. Since December 2006, Mr. Johnston has paid Karen child support.

*Detective Stone's Personal Involvement*

In October 2007, Karen began living in a residence owned by Detective Stone, but she was not paying rent. At some time in 2007, Detective Stone traveled with Karen to Namibia, Africa, a trip that Mr. Johnston contends was for the purpose of obtaining property and evidence to use in the ongoing divorce proceeding. Detective Stone allegedly paid for the trip for both Karen and himself, expecting repayment from monies received from the divorce proceeding. In November 2008, Karen and Detective Stone began residing in the same home. According to the complaint, Detective Stone has testified that he anticipates being repaid for providing Karen with housing, likewise from monies received as a result of the divorce proceeding.

*The Arrest Warrant*

2

On January 21, 2009, Detective Stone testified in an affidavit for the purpose of procuring a warrant for Mr. Johnston's arrest. Five days later, the affidavit and warrant were filed in the Linn County District Court, and the District Court issued the requested arrest warrant at some point thereafter. The arrest warrant charged Mr. Johnston with a violation of K.S.A. § 21-3605(a)(1), criminal non-support of a child.[1] According to Mr. Johnston, Detective Stone included false and misleading information in the affidavit and failed to disclose any information concerning his relationship with Karen Johnston or his involvement in their divorce proceedings.

Towards the end of January 2009, Mr. Johnston traveled to Tucson, Arizona for business. In particular, he was going to assist with a display for his company at an annual gem and mineral show. Detective Stone had caused the warrant to be forwarded to the Tucson Police Department. Thus, when Mr. Johnston arrived at the venue for the gem and mineral show on February 2, 2009, he was notified by an unidentified individual that the Tucson Police Department was processing a warrant for his arrest. Mr. Johnston claims that he consequently could not set up the display for his company and had to miss the first day of the show, as he had to stay outside of the Tucson city limits for several days to avoid arrest.

According to Mr. Johnston's complaint, Detective Stone contacted Lieutenant

---

[1] According to the statute, "nonsupport of a child" is "a parent's failure, neglect, or refusal without lawful excuse to provide for the support and maintenance of the parent's child in necessitous circumstances." K.S.A. 21-3605(a)(1).

3

Michael Lara of the Tucson Police Department in an effort to get the police department to act on the warrant. Additionally, Detective Stone attempted to get Lieutenant Lara to seize Mr. Johnston's personal business property, including the gemstones, asserting that they were evidence in the divorce proceeding and that they were included within the arrest warrant. In fact, Mr. Johnston asserts that "Lieutenant Lara never saw anyone push as hard as [Detective Stone] did to execute on a standard arrest warrant."

Mr. Johnston has conceded, however, that the arrest warrant was never served upon him and he was never arrested as a result of its issuance. Rather, the prosecutor moved to recall the arrest warrant after having been advised of Detective Stone's actions; the district court granted that motion on February 5, 2009.

Nonetheless, Mr. Johnston alleges that he suffered damages stemming from the issuance of the arrest warrant. In particular, he claims that he suffered emotional distress and a loss of income and freedom. He filed this suit against Detective Stone in his individual capacity, alleging a violation of 42 U.S.C. § 1983. Detective Stone has filed a motion to dismiss pursuant to Rule 12(b)(6).

**2. Standard of Review**

The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of

4

entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic*, 550 U.S. at 555. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *id.* at 555-56, and view all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555 (citations omitted). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**3.     Discussion**

Section 1983 provides a federal civil cause of action against state officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must show that an alleged deprivation of a constitutional right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Mr. Johnston's complaint does not specifically identify the type of § 1983 claim he is bringing or which constitutional violation he allegedly suffered. Detective Stone's motion to dismiss characterizes the essence of the complaint as a theory of false arrest. To that end, Detective Stone seeks dismissal, asserting that the arrest warrant was supported by probable cause because Mr. Johnston was behind in his support payments.

5

Although Mr. Johnston's complaint stated that he made monthly payments to Karen for the support of their child, it did not disclose the amount he had paid or whether the amount he paid fully satisfied his obligations. In his motion to dismiss, Detective Stone asserts that Mr. Johnston had in fact not fully paid the amount he owed for child support, which led to the issuance of the arrest warrant in January 2009. To support his assertion that probable cause existed for issuance of the arrest warrant, Detective Stone attached additional documentation from the Linn County District Court indicating that Mr. Johnston had made partial payments of child support, but has not paid the full amount of his obligation.

In response, Mr. Johnston requested the Court to disregard such evidence as beyond the scope of the pleadings. Mr. Johnston also pointed out that he has contested the jurisdiction of the Linn County District Court and that he has made payments despite Karen's alleged failure to return Sky to Mr. Johnston's custody.

Relevant to his § 1983 claim, however, Mr. Johnston noted that he is not raising a claim of false arrest. He acknowledges that he was never arrested and that the criminal action was voluntarily dismissed. He does not, however, specify the true nature of his claim, asserting only that "there are sufficient allegations of fact to support a claim against Defendant."

Without explicit guidance from Mr. Johnston, the court surmises that the allegations in his complaint sound most like a claim of malicious prosecution or abuse of process. Malicious prosecution is concerned with maliciously causing process to

6

issue—using process for its intended purpose but without reasonable or probable cause. *Wolford v. Lasater*, 78 F.3d 484, 490 (10th Cir. 1996); *see also Jackson & Scherer, Inc. v. Washburn*, 496 P.2d 1358, 1366 (Kan. 1972). Mr. Johnston's allegations that Detective Stone included false and misleading information in the affidavit to obtain an arrest warrant and also omitted certain information suggest that he is asserting malicious prosecution.

Abuse of process, on the other hand, is primarily concerned with the improper use of process after it has been issued—that is, using a "legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed." *Nelson v. Rains*, No. 06-2072, 2006 WL 1580978, at *3 (D. Kan. June 5, 2006); *Wolford*, 78 F.3d at 490. Nothing in Mr. Johnston's complaint points to this claim, but Mr. Johnston's response to the motion to dismiss asks that this case be allowed to proceed to discovery "to determine if Defendant abused the powers of his official position as a detective with the Linn County Sheriff's Department to further a civil divorce proceeding" against him. That request, although not supported by any specific factual allegations, suggests an abuse of process claim.

Detective Stone nonetheless contends that dismissal is appropriate, arguing that Mr. Johnston's complaint never mentioned malicious prosecution or abuse of process and that neither claim can stand without an underlying arrest. The court is inclined to agree.

Both malicious prosecution and abuse of process are common law tort actions;

7

they can serve as the basis for a § 1983 action only if there is an underlying constitutional violation. *Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir. 2007) ("The core inquiry under any § 1983 action, regardless of the analogous common law tort, is whether the plaintiff has alleged an actionable constitutional violation."); *Roska v. Peterson*, 328 F.3d 1230, 1244 (10th Cir. 2003). Malicious prosecution and abuse of process claims are usually grounded in the Fourth Amendment right to be free from unreasonable seizure, but can also be based on Fourteenth Amendment due process guarantees. *See Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007) (noting that a malicious prosecution claim can be grounded in both the Fourth and Fourteenth Amendments); *Pierce v. Gilchrist*, 359 F.3d 1279, 1285-86 (10th Cir. 2004) ("The initial seizure is governed by the Fourth Amendment, but at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the Due Process Clause.").

Here, Mr. Johnston was not arrested and thus has no Fourth Amendment claim for an unreasonable seizure. He does allege, however, that the arrest warrant was issued based on a false and misleading affidavit from Detective Stone. But that allegation alone does not rise to the level of a constitutional violation. "Arrest warrant affiants violate the Fourth Amendment when they knowingly . . . or with reckless disregard for the truth, include false statements in the affidavit . . . or knowingly or recklessly omit from an arrest affidavit information which, if included, would have vitiated probable cause." *Bruner v. Baker*, 506 F.3d 1021, 1056 (10th Cir. 2007) (internal citations and quotation

marks omitted). An erroneous charging decision, however, does not in and of itself violate the Fourth Amendment. *Becker*, 494 F.3d at 915. Thus, in cases where false or misleading affidavits in support of arrest warrants served as the basis for a § 1983 claim, the plaintiff was actually seized and thus had an underlying constitutional claim. *See, e.g.*, *Poolaw v. Marcantel*, 565 F.3d 721, 728-29 (10th Cir. 2009); *Wilkins v. DcReyes*, 528 F.3d 790, 799 (10th Cir. 2008); *Pierce*, 359 F.3d at 1285-86; *Wolford*, 78 F.3d at 489. Here, without a Fourth Amendment seizure or a due process violation after an arrest, Mr. Johnston's allegations of a misleading affidavit or an improper purpose behind the affidavit cannot serve as the basis for a § 1983 claim.

Thus, neither Mr. Johnston's complaint nor his response to the motion to dismiss offer any suggestion as to which of his constitutional rights Detective Stone alleged infringed upon. As noted above, however, Detective Stone filed a motion for sanctions. In response to that motion, Mr. Johnston argues that his constitutional right to freedom of travel was violated because he could not attend his business engagement in Tucson. He thus submits that his constitutional rights were violated by the restrictions on his ability to freely travel because of his fear of being arrested. *See, e.g.*, *Jones v. Helms*, 452 U.S. 412, 418 (1981) (recognizing the "fundamental nature" of a United States citizen's right "to travel from one State to another and to take up residence in the State of his choice"); *see also Zobel v. Williams*, 457 U.S. 55, 76-77 (1982) ("It is difficult to imagine a right more essential to the Nation as a whole than the right to establish residence in a new State.").

This new allegation fails on its face to state a constitutional claim. The constitutional right to travel applies only to interstate travel, and the travel that Mr. Johnston claims was restricted was intrastate travel, namely from outside of Tucson, Arizona into the city limits. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 277 (1993) (stating that "a purely intrastate restriction does not implicate the right of interstate travel").

In a § 1983 action, "the ultimate question is whether plaintiff can prove a constitutional violation," *Pierce*, 359 F.3d at 1288, and the factual allegations in Mr. Johnston's complaint fail to do so.

### 4. Motion for Sanctions

Detective Stone has filed a motion asking this court to impose sanctions on Mr. Johnston pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 is violated when an attorney "present[s] to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper" for an improper purpose, such as to harass or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1). To avoid sanctions under Rule 11, an attorney must meet a standard of objective reasonableness. *Scott v. Boeing Co.*, 204 F.R.D. 698, 700 (D. Kan. 2002) (citing *White v. Gen. Motors, Inc.*, 908 F.2d 675, 680 (10th Cir.1990)). Within this context, it is not enough that an attorney has a subjective, good faith belief that an argument has merit. *Id.* (citation omitted). Rather, the attorney's belief must be "in accord with what a reasonable, competent attorney would believe under the circumstances." *White*, 908 F.2d

at 680. The court enjoys discretion in determining whether a claim or argument is reasonable. *Augustine v. Adams*, 88 F. Supp.2 d 1169, 1174 (D. Kan. 2000) (citation omitted).

Detective Stone suggests that Mr. Johnston brought this lawsuit merely to harass him and to "improperly extract from [Karen Johnston] an agreement of less favorable terms . . . in the divorce case." The court is unwilling to make that finding based solely on the pleadings in this case. "[T]he mere fact that the court concluded that defendant was entitled to [judgment] on plaintiff's claims . . . does not mandate the conclusion that plaintiff's claims were frivolous or not 'warranted by existing law.'" *Thompson v. United Transportation Union*, 167 F. Supp. 2d 1254 (D. Kan. 2001). Filing a § 1983 lawsuit based on a suspicious warrant that was later dismissed is not objectively unreasonable and deserving of Rule 11 sanctions, even though it was ultimately unsuccessful.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to dismiss (doc. 4) is **granted** and this case is dismissed.

**IT IS FURTHER ORDERED** that defendant's motion for sanctions (doc. 8) is **denied**.

**IT IS SO ORDERED** this 28th day of April, 2010.

                                             s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge